COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-418-CR
  
  
STEVEN DECARLOS GUNNELS                                                APPELLANT
  
V.
   
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 372ND DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Steven 
DeCarlos Gunnels appeals from his conviction for possession of cocaine with the 
intent to deliver.  In two points, appellant complains that the trial court 
erred by denying his motion to suppress and that the evidence of the intent to 
deliver was legally and factually insufficient to support the verdict.  We 
affirm.
Facts
        Fort 
Worth Police Officer Scott McClain was assigned to patrol duty in a high crime 
area called the Adams District near downtown Fort Worth.  After midnight on 
August 7, 2002, Officer McClain was on crime prevention patrol in that area when 
he spotted an unfamiliar car that he had not seen when he had patrolled the area 
earlier.[2]  Officer McClain ran the license 
plate number on his patrol car computer and determined that the car had been 
reported stolen.  No one was in or near the car at that time so Officer 
McClain set up surveillance of the car, using binoculars, from a short distance 
away to see if anyone would return.
        After 
approximately forty minutes, Officer McClain saw a man, later identified as 
appellant, approach the car and open the driver’s side door.  A few 
seconds after appellant opened the driver’s side front door, he went to the 
passenger side, opened the back door, and got into the back seat.  After 
approximately fifteen seconds, appellant got out of the car and went and stood 
by the driver’s side front door.  Another man appeared and started 
walking directly toward appellant’s car.  Appellant met the man in the 
street, they made a hand-to-hand transaction, and the man walked away.  
Appellant went back to the car’s driver’s side door and, shortly thereafter, 
a second man approached appellant.  Appellant spoke to him for a little 
while, then appellant got into the car’s driver’s seat and the second man 
got into the front passenger seat.  After ten or fifteen seconds, the 
second man got out of the car and walked away, while appellant stayed in the 
car.
        After 
the second man left, Officer McClain saw appellant get out of the car’s 
driver’s side door, go to the rear passenger side, lean in through the door 
for a few seconds, close the door, and walk back to the driver’s side.  
Shortly thereafter, a third man approached appellant and the two made a 
hand-to-hand transaction in the street near the car.
        After 
this third transaction, Officer McClain notified the nearby “assist” police 
units that he was going to make contact with appellant.  When Officer 
McClain moved in to make contact with appellant, appellant was leaning into the 
driver’s side door of the car over the steering wheel and dashboard. Officer 
McClain and the three “assist” police units arrived at appellant’s 
location at the same time.
        The 
police asked appellant to identify himself and he did. Appellant was not the 
owner of the car, so the police called a tow truck to take the vehicle to police 
impound.  Prior to the car being towed, the police inventoried the contents 
of the car.  The police found an empty syringe under the driver’s seat 
and a plastic baggie containing seven pieces of crack cocaine weighing 1.51 
grams in the back seat.  The police arrested appellant and took him to 
jail.  At jail, the police found a clear baggie containing five pieces of 
crack cocaine weighing 1.04 grams in appellant’s rectum and a .380 caliber 
bullet in his shoe.         The 
jury convicted appellant of possession of cocaine with the intent to 
deliver.  The trial court sentenced appellant to eight years’ 
confinement.
Motion to Suppress
        In 
his first point, appellant complains that the trial court erred by denying his 
motion to suppress evidence.  Specifically, he argues that the trial court 
should not have admitted evidence discovered by the police during appellant’s 
arrest because the police lacked probable cause to arrest appellant.
Motion to Suppress Standard of Review
        We 
review a trial court's denial of a motion to suppress for abuse of 
discretion.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 
2000); Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  
There is an abuse of discretion when the ruling was so clearly wrong as to be 
outside that zone within which reasonable persons might disagree.  Cantu 
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, 
509 U.S. 926 (1993); Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. 
App.), cert. denied, 534 U.S. 855 (2001). We afford almost total 
deference to a trial court's determination of the historical facts that the 
record supports, especially when the trial court's fact findings are based upon 
an evaluation of credibility and demeanor.  State v. Ross, 32 S.W.3d 
853, 856 (Tex. Crim. App. 2000).  We afford the same amount of deference to 
the trial court's rulings on mixed questions of law and fact, if the resolution 
of those questions turns on an evaluation of credibility and demeanor.  Carmouche, 
10 S.W.3d at 332; Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
1997).  We review de novo the trial court's application of law to those 
facts in the determination of reasonable suspicion and probable cause.  Carmouche, 
10 S.W.3d at 327; Guzman, 955 S.W.2d at 89.
        In 
Texas, a police officer may only arrest an individual without a warrant if (a) 
there is probable cause with respect to that individual, and (b) the arrest 
falls within one of the exceptions specified in the Texas Code of Criminal 
Procedure.  Tex. Code Crim. Proc. 
Ann. arts. 14.01-.03 (Vernon 1977 & Supp. 2004-05); Lunde v. State, 
736 S.W.2d 665, 666 (Tex. Crim. App. 1987).  “A peace officer may arrest 
an offender without a warrant for any offense committed in his presence or 
within his view.”  Tex. Code Crim. 
Proc. Ann. art. 14.01(b).  Whether an arrest was constitutionally 
valid depends in turn upon whether, at the moment the arrest was made, the 
officers had probable cause to make it—whether at that moment the facts and 
circumstances within their knowledge and of which they had reasonably 
trustworthy information—were sufficient to warrant a prudent man in believing 
that the accused had committed or was committing an offense.  Beck v. 
Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964).  “Probable cause 
exists where the police have reasonably trustworthy information sufficient to 
warrant a reasonable person to believe a particular person has committed or is 
committing an offense.“  Guzman, 955 S.W.2d at 87.
        Here, 
the trial court was within its discretion to find that the police had probable 
cause to arrest appellant.  The State presented evidence that after 
midnight, in a high crime area, Officer McClain, a twelve-year police veteran, 
found an unfamiliar car that had been reported stolen.  McClain watched the 
car and saw appellant approach, open various car doors, look around inside 
multiple times before meeting three different men, and make three different 
transactions.  On two of the occasions, Officer McClain saw appellant make 
a hand-to-hand exchange with the men, and on the other occasion, the man sat in 
the car with appellant.  When the police moved in to ask appellant to 
identify himself, appellant identified himself as Steven Gunnels and the police 
determined that he was not the owner of the stolen car.  Because the car 
was stolen and appellant did not own it, the police inventoried the car prior to 
towing it.  During the inventory, the police found the drugs and syringe in 
the car that appellant had occupied.  At that time, the police arrested 
appellant.
        The 
drugs and syringe found in the stolen car, along with Officer McClain’s 
observations of appellant’s transactions, were reasonably trustworthy 
information sufficient to warrant a reasonable person to believe appellant had 
committed or was committing an offense.  See id.  We hold that 
the trial court did not err by finding that the police had probable cause to 
arrest appellant and by overruling appellant’s motion to suppress.  We 
overrule appellant’s first point.
Legal and Factual Sufficiency
        In 
his second point, appellant complains that the evidence is legally and factually 
insufficient to support the verdict.  Specifically, appellant contends that 
the evidence was legally and factually insufficient to prove his intent to 
deliver cocaine.
Standards of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004).  The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt.  Id. 
at *7.  There are two ways evidence may be factually insufficient: (1) the 
evidence supporting the verdict or judgment, considered by itself, is too weak 
to support the finding of guilt beyond a reasonable doubt; or (2) when there is 
evidence both supporting and contradicting the verdict or judgment, weighing all 
of the evidence, the contrary evidence is so strong that guilt cannot be proven 
beyond a reasonable doubt.  Id.  “This standard acknowledges 
that evidence of guilt can ‘preponderate’ in favor of conviction but still 
be insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id.  In other words, evidence supporting a guilty 
finding can outweigh the contrary proof but still be insufficient to prove the 
elements of an offense beyond a reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at *4; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 2004 WL 840786, at *4.
        A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at *7, 9.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Here, 
appellant conceded that the evidence was sufficient to support the finding of 
possession, but he challenges the sufficiency of the evidence to support the 
finding of intent to deliver.  Appellant contends that the evidence is 
insufficient to prove intent to deliver because the only evidence tending to 
prove his intent is Officer Blaisdell's testimony that the packaging and size of 
the pieces of cocaine possessed by appellant indicated an intent to deliver.
        Intent 
to deliver can be proven by circumstantial evidence.  See Rhodes v. 
State, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), aff'd, 945 
S.W.2d 115 (Tex. Crim. App.), cert. denied, 522 U.S. 894 (1997); Williams 
v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. 
ref'd); Reece v. State, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st 
Dist.] 1994, no pet.).  Courts have considered several factors in 
determining intent, including: (1) the nature of the location where the 
defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) 
the manner of packaging of the drugs; (4) the presence or absence of drug 
paraphernalia (for use or sale); (5) whether the defendant possessed a large 
amount of cash in addition to the drugs; and (6) the defendant's status as a 
drug user.  Williams, 902 S.W.2d at 507.  Expert testimony may 
be introduced to prove intent to deliver.  See Bryant v. State, 997 
S.W.2d 673, 675 (Tex. App.—Texarkana 1999, no pet.); Mack v. State, 859 
S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.); Branch v. 
State, 833 S.W.2d 242, 244-45 (Tex. App.—Dallas 1992, pet. ref'd).
        Here, 
appellant was arrested in a high crime area in possession of a stolen car.  
A twelve-year veteran police officer personally saw appellant make various 
“hand-to-hand” transactions with two men in the street and another 
transaction with a man in the stolen car.  According to Officer McClain, 
based upon his experience as a police officer, these transactions were 
consistent with drug trafficking.  Officer Blaisdell testified as an expert 
witness and described the manner in which street-level drug dealing is 
conducted.  His descriptions were consistent with the transactions Officer 
McClain saw appellant make.  The police found cocaine and drug 
paraphernalia when they inventoried the stolen car.  The cocaine was in the 
form of seven rocks, which was consistent with street-level packaging for 
distribution.  Additionally, the fact that appellant hid the cocaine in the 
stolen car was another method consistent with drug dealing.  More cocaine 
was found in appellant’s rectum after his arrest, which is another method 
street dealers use to conceal their stash of drugs.
        Based 
upon this evidence, under either standard of review, the jury was rationally 
justified in finding guilt beyond a reasonable doubt.  We hold that the 
evidence is legally and factually sufficient to support the finding of 
appellant’s intent to deliver.  We overrule appellant’s second point.
Conclusion
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
   
 
PANEL F:   LIVINGSTON, 
J.; CAYCE, C.J.; and DAUPHINOT, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Officer McClain testified that when he sees an unfamiliar car he checks the 
license plate numbers on his patrol car computer to see if it is stolen.