Affirmed and Opinion filed January 27, 2005









Affirmed
and Opinion filed January 27, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00942-CR

_______________

 

JAMES ANDREW REED,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

______________________________________________________

 

On Appeal from 344th
District Court

Chambers County, Texas

Trial Court Cause No. 12,583

______________________________________________________

 

O P I N I O N

Appellant
James Andrew Reed challenges the legal and factual sufficiency of the evidence
supporting his conviction for possession of codeine with intent to deliver and
the trial court=s ruling on his objections to the State=s chain of custody evidence.  We affirm.

I.  Factual and Procedural Background








Officer
Matt Ashby stopped appellant and his uncle, Felix Reed, for speeding on
Interstate 10 outside of Houston.  During
the stop, Ashby, an officer with the Chambers County Narcotics Task Force,
became suspicious that illegal activity may have occurred and requested
permission to search the vehicle.  Ashby
received permission from Felix, the vehicle=s owner, and discovered a Gatorade
bottle in the trunk, which he believed contained liquid codeine.  

After
appellant and Felix were placed in custody and read their Miranda
rights, Felix denied the codeine belonged to him.  Appellant then told Ashby that he knew the
codeine was in the trunk and he had placed it there.  Appellant was charged with possession of
codeine with intent to deliver.  A jury
convicted appellant and the court assessed punishment at 16 years= confinement and a $1,000 fine.  This appeal ensued.

II.  Issues on Appeal

In
appellant=s issues one through five, appellant contends
the evidence is: (1) factually insufficient to prove he intentionally or
knowingly possessed the codeine; (2) and (3) legally and factually insufficient
to prove he intentionally or knowingly possessed the codeine with the intent to
deliver; (4) and (5) legally and factually insufficient to prove the codeine is
Penalty Group 4 codeine.  In issues six
through eight, appellant argues the trial court erred in overruling his
chain-of-custody objections.  

III.  Discussion

A.  Sufficiency of the Evidence

1.         Standard of Review

In
a legal sufficiency review, we examine all the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  When conducting
our review, we do not re-weigh the evidence or substitute our judgment for that
of the fact finder.  Id.; Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998).  We will affirm the decision if any rational
trier of fact could have found the elements of the crime beyond a reasonable
doubt.  See McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).








When
conducting a factual sufficiency review, we review the evidence in a neutral
light.  Zuniga v. State, 144
S.W.3d 477, 484 (Tex. Crim. App. 2004). 
If the evidence supporting the verdict, taken alone, is too weak to
sustain a finding of guilt beyond a reasonable doubt, or contrary evidence is
so strong that the State could not have met its burden of proof beyond a
reasonable doubt, the verdict must be set aside.  Id. at 484B85. 
However, when reviewing the evidence, we must be deferential to the jury=s findings and resist intruding on
the fact finder=s role as the sole judge of the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). 
Whether the evidence is direct or circumstantial, these standards of
review remain the same.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

2.         Possession

In
his first issue, appellant contends the evidence is factually insufficient to
prove he intentionally or knowingly possessed the codeine.  Appellant argues that, absent the admissions he made to Ashby, the evidence would have been
insufficient to prove beyond a reasonable doubt he intentionally or knowingly
possessed the codeine.  Further,
appellant asserts that the admissions he made at the time of his arrest were
unsworn and should be afforded less weight than his sworn testimony at trial.








To
establish possession of a controlled substance, the State must prove appellant
knew that what he possessed was contraband and that he exercised care, control,
and management over the contraband.  Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Abdel-Slater v.
State, 852 S.W.2d 671, 675 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 
When an accused is not in exclusive control of the place where the
contraband is found, additional evidence or circumstances must affirmatively
link the accused to the contraband.  Brown,
911 S.W.2d at 747; Wootton v. State, 132 S.W.3d 80, 86B87 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d). 
The affirmative links can be established by additional facts and
circumstances which raise a reasonable inference of the accused=s knowledge and control of the
contraband, establishing the affirmative links.[1]  Puente v. State, 888 S.W.2d 521, 526
(Tex. App.CSan Antonio 1994, no pet.).  The number of factors present is not as
important as the significance of those factors in establishing the elements of
the crime.  See Gilbert v. State,
874 S.W.2d 290, 298 (Tex. App.CHouston [1 Dist.] 1994, pet. ref=d) (stating the number of factors
present is less important than the strength of the factors in establishing the
elements of the crime).  Further,
the links need not be so strong as to rule out every other possibility except
the defendant=s guilt.  Brown, 911 S.W.2d at 748; Wootton,
132 S.W.3d at 87. 

Here,
appellant=s statements to Ashby provide the
strongest affirmative link.  After Ashby
discovered the codeine and read appellant his Miranda rights, Ashby
asked appellant whether he knew the codeine was in the vehicle and appellant
replied, Ayes.@ 
When Ashby asked him if he had placed the codeine in the vehicle,
appellant again replied, Ayes.@  Thus, appellant
unequivocally admitted to Ashby that he knew the codeine was in the vehicle and
that he had placed it there.  In
addition, appellant was driving the vehicle in which the contraband was found
and there was testimony that both he and Felix appeared nervous when Ashby
approached the trunk during the search, Aput[ting] their heads down to the
ground as if they were caught.@  This evidence is
sufficient to affirmatively link appellant to the codeine and support the jury=s possession finding.  See Gilbert, 874 S.W.2d at 298.








At
trial, appellant testified that he had lied to Ashby when making the admissions
in order to help his uncle.  Appellant
argues the conviction was against the great weight and preponderance of the
evidence, in part, because he changed his testimony at trial testifying
truthfully under oath.  Appellant
suggests his argument is supported by evidence that Felix was on parole for a
prior narcotics conviction, appellant=s testimony that he lied in order to
help Felix, and other evidence indicating Felix possessed the codeine.[2]  However, as the ultimate arbiter of
conflicting evidence, the jury was free to believe appellant told Ashby the
truth at the time of his arrest and was not being truthful at trial.  See Herrero v. State, 124 S.W.3d 827,
834 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (stating the jury alone
judges the facts, the credibility of witnesses, and the weight to be given
evidence).  It was also within the
jury=s province to ignore any or all
evidence relating to Felix.  Id.

Viewing
the evidence in a neutral light, the evidence supporting the conviction, when
considered by itself, is not so weak that it does not support the verdict of
guilt beyond a reasonable doubt, nor is the contrary evidence so strong that
the State could not prove beyond a reasonable doubt that appellant possessed
the codeine.  Zuniga, 144 S.W.3d
at 484B85. Accordingly, appellant=s first issue is overruled.  

3.         Intent to Deliver

In
his second and third issues, appellant challenges the legal and factual
sufficiency of the evidence supporting the jury=s finding that he possessed the
codeine with intent to deliver.

a.         Legal
Sufficiency








In
delivery or intent to deliver cases, direct evidence of intent is not required;
intent may be proved by circumstantial evidence.  Moss v. State, 850 S.W.2d 788, 797
(Tex. App.CHouston [14th Dist.] 1993, pet. ref=d). 
Intent is a question of fact to be determined by the trier of fact and
may be inferred from the acts, words, or conduct of the accused.  Puente, 888 S.W.2d at 527.  Additional factors that may be considered in
determining intent include: 

(1)       the nature of the location of the
defendant=s arrest; 

(2)       the quantity of
narcotics the defendant possessed; 

(3)       the manner of packaging
of the narcotics; 

(4)       the presence or absence
of drug paraphernalia (for use or sale); 

(5)       whether the defendant
possessed a large amount of cash in addition to the narcotics; and 

(6)       the defendant=s status as a narcotics user.  

 

Williams v.
State, 902 S.W.2d
505, 507 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d). Expert testimony may also be used
to prove intent to deliver.  Bryant v.
State, 997 S.W.2d 673, 675 (Tex. App.CTexarkana 1999, no pet.).

Here,
the jury=s finding that appellant possessed
the codeine with intent to deliver is supported by evidence of appellant=s possession of a large amount of
liquid codeineC4.94 kilogramsCpackaged in a large Gatorade
bottle.  Also, expert testimony from
Officer Kenneth Weaver, a 19-year narcotics officer, established that liquid
codeine is typically packaged in pint-sized bottles when diluted for
distribution.  Weaver further testified
that the amount of codeine seized from appellant was typically not for personal
use, but was for delivery to others. 
Viewing this evidence in the light most favorable to the verdict, we
conclude a rational juror could have found beyond a reasonable doubt appellant
possessed the codeine with intent to deliver. 
See Williams, 902 S.W.2d at 507B08; Bryant, 997 S.W.2d at
675.  Accordingly, we overrule appellant=s second issue.

b.         Factual
Sufficiency








Regarding
his factual sufficiency challenge, appellant states:  AOn cross-examination, Officer Weaver
testified that he had never talked with appellant, did not know appellant,
never talked with appellant about his plans, and that his testimony was based
upon his own experience, and not upon any experience with appellant.@ 
Further, appellant argues that Weaver=s testimony is insufficient to prove
intent because appellant=s Auncle may have intended to personally consume the codeine
over a long period of time.@  These suppositions do
not, however, provide sufficient contrary proof to outweigh the jury=s finding of guilt beyond a
reasonable doubt.  We conclude Officer
Weaver=s expert testimony sufficiently
establishes intent to deliver.  See
Mack v. State, 859 S.W.2d 526, 529 (Tex. App.CHouston [1 Dist.] 1993, no pet.).

Appellant
also suggests other evidence is potentially exculpatory.  Specifically, appellant states that Ahe was not the owner of the Lincoln
where the codeine was found; he was not recorded as he participated in a
narcotics transaction; and that he had no weapon.@ 
However, these factors are not exclusive; they are merely some of the
factors used to determine a defendant=s intent to deliver.  See Williams, 902 S.W.2d at 507.  Viewing the evidence in a neutral light, we
conclude the evidence is factually sufficient to prove appellant=s intent to deliver the codeine.  Zuniga, 144 S.W.3d at 484B85. 
Therefore, we overrule appellant=s third issue.

4.         Penalty Group 4 Codeine

In
his fourth and fifth issues, appellant argues the evidence is legally and
factually insufficient to prove the codeine was Penalty Group 4 codeine.  Appellant contends that the trial testimony
of Minh Nguyen, the Texas Department of Public Safety (DPS) chemist who
analyzed the codeine, identified it as belonging to a different Penalty Group
than did Nguyen=s written lab report. 
Therefore, appellant claims the State did not prove he possessed Penalty
Group 4 codeine. 

a.         Legal
Sufficiency








The
indictment in this case charged appellant with possession with intent to
deliver a controlled substance Ain an amount of 400 grams or more, that contained not more
than 200 milligrams of codeine per 100 milliliters or per 100 grams.@[3] 
Accordingly, as an element of the crime, the State was required to prove
beyond a reasonable doubt that the seized codeine was codeine described in
Penalty Group 4.  See Ortiz v. State,
999 S.W.2d 600, 603 (Tex. App.CHouston [14th Dist.] 1999, no pet.).  Minh
Nguyen provided the only testimony regarding the chemical composition of the
codeine.  On direct-examination, Nguyen
testified the codeine was pure and unmixed, weighing 4.94 kilograms.  He also testified that the codeine fell
within the Penalty Group 4 description. 








On
cross-examination, defense counsel attempted to impeach Nguyen with the lab
report he had prepared after analyzing the codeine.[4]  Nguyen=s report stated the codeine was Anot more than 1.8 grams of codeine or
any salts per 100 milliliters of not more than 90 milligrams per dosage unit,@ which matches the description of
Penalty Group 3 codeine.[5]  On
redirect, Nguyen testified that the Penalty Groups may overlap, that one
substance could be Aa subset of another.@ 
Nguyen stated on recross that he had not tested the codeine to determine
whether it was not more than 200 milligrams of codeine per 100 milliliters or
per 100 grams, which would establish the concentration for purposes of
classifying the codeine only in Penalty Group 4, and on further
redirect-examination he testified that it is mathematically possible for the
codeine seized to fall within both Penalty Groups 3 and 4. See Tex. Health & Safety Code Ann. '' 481.104(a)(4), 481.105(1) (Vernon
2003). 

Appellant
argues that the discrepancy between Nguyen=s written report and his trial
testimony renders the evidence that the codeine was within Penalty Group 4
legally insufficient.  Appellant cites Dudley
v. State for the proposition that a conviction for Penalty Group 4 codeine
cannot include codeine from another penalty group.  58 S.W.3d 296, 300 (Tex. App.CBeaumont 2001, no pet.).  In dicta, the Dudley court rejected Aany sort of favorable comparison
between Penalty Group 4 >codeine,= as specifically defined, and Penalty Group 3 >codeine=@ because the statutory descriptions
contained Awords of art@ that do not appear to have identical
meanings.  Id. at 300 n.6.  Although Dudley is instructive in this
case, it is not for the reasons asserted by appellant.








As
in this case, the appellant in Dudley was convicted of possession of
Penalty Group 4 codeine and contested the legal sufficiency of the evidence
regarding the quality of the codeine, claiming the State failed to prove he
possessed codeine as specifically defined in Penalty Group 4.  Id. at 297B98.  The Dudley court agreed that this was
the State=s burden, but concluded the State
proved the quality of the codeine with testimony from the chemist who had
analyzed it.  Id. at 299B300. 
In Dudley, even though the chemist did not specifically measure
nor quantify the concentration of the codeine at issue, she did testify that
the codeine was within the parameters of Penalty Group 4.  Id. at 299.  That testimony, supported by the chemist=s lab report reflecting the same
findings, was determined to be legally sufficient to support the
conviction.  Id. at 300B01. 
Thus, the Dudley court indicated a conviction may be based on
chemical testing that does not specifically limit the contraband to only one
penalty group. Id. at 302. (Gaultney, J. concurring).  

Here,
Nguyen repeatedly testified that the seized codeine was within Penalty Group 4.
Although appellant attempted to impeach Nguyen with information from Nguyen=s lab report that stated the codeine
was not more than 1.8 grams of codeine or any salts per 100 milliliters, Nguyen
explained to the jury that the notation quoted by appellant=s attorney did not take the codeine
out of Penalty Group 4.  Although
appellant=s attorney suggested the lab report
and Nguyen=s testimony contradicted each other,
Nguyen explained they did not. 

Viewing
the evidence in the light most favorable to the verdict, we hold that a
rational trier of fact could conclude from Nguyen=s testimony that the codeine
appellant possessed was Penalty Group 4 codeine.  Accordingly, appellant=s fourth issue is overruled. 

b.         Factual
Sufficiency

Examining
the evidence for factual sufficiency, we are not convinced that Nguyen=s testimony was so weak or so greatly
outweighed by contrary evidence that the beyond-a-reasonable-doubt standard
could not be met.  Even if the evidence
may have been contradictory, Areconciliation of conflicts in the evidence is within the
exclusive province of the jury.@  Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998); see also Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994) (stating the jury exclusively judges
the credibility of witnesses and the weight to be given their testimony).  We will not reverse a conviction merely
because the jury resolved a conflict in evidence against appellant.  Herrero, 124 S.W.3d at 834.  Appellant=s fifth issue is overruled. 

IV.  Chain of Custody








In
issues six, seven, and eight, appellant claims the trial court erred in
overruling his chain of custody objections when the codeine was offered into
evidence.  Relying on Moore v.
State, appellant argues that the Abreach@ in the chain of custody here was Aneither minor nor theoretical.@ 821 S.W.2d 429, 431 (Tex. App.CWaco 1991, no pet.).[6]  Appellant emphasizes that when Officer Terry
Hughes delivered the box containing the bottle of codeine to the DPS lab, she
did not remember to whom she gave the box, she did not personally give it to
Minh Nguyen, and she did not see what became of the box after she gave it to
the lab employee.  Appellant suggests
that because Ano one knows what happened@ to the box from the time Hughes
turned it over to the lab until Nguyen performed his analysis, A[t]he box could have been anywhere.@

The
sufficiency of an evidentiary predicate is within the trial court=s discretion, and we will affirm the
judgment unless we find the trial court abused that discretion.  Smith v. State, 683 S.W.2d 393, 405
(Tex. Crim. App. 1984); Foster v. State, 101 S.W.3d 490, 498 (Tex. App.CHouston [1st Dist.] 2002, no
pet.).  If evidence is properly
identified, questions concerning care and custody typically go to the weight,
not the admissibility, of the evidence. Foster, 101 S.W.3d at 498. 

Here,
Officer Ashby identified the State=s Exhibit 2 as the bottle he
recovered from the vehicle appellant was driving.  Ashby testified that he sealed the top of the
bottle with evidence tape and, other than the tape being cut for analysis of
the contents, there were no alterations to the bottle.  Further, Ashby stated he placed the bottle
inside a box that had the case number, appellant=s name, the contents of the box, and
Ashby=s initials on it.  Ashby identified the box at trial.  Appellant did not object to Ashby=s testimony.  








Officer
Hughes testified she retrieved the sealed box from the evidence lockbox and
transported it to the lab for analysis. 
She stated the trip was uneventful, and when she arrived at the lab, the
box was in the same condition as when she retrieved it.  On cross-examination, Hughes testified she
could not remember the lab employee to whom she had delivered the box.  

Nguyen
testified he did not know which lab employee received the box from Hughes, and
appellant objected to this testimony on the basis that the chain of custody had
not been established.  The objection was
overruled.  Nguyen further testified that
he personally retrieved the sealed boxCthe same one identified by Ashby as
the box in which he placed the bottle of codeineCfrom the evidence vault, the evidence
tape was intact, and it had not been tampered with.  Defense counsel again made a chain-of-custody
objection, and the objection was again overruled.  Counsel continued his chain-of-custody
objections to each question asked of Nguyen regarding his analysis of the
codeine, and the trial court overruled each of those objections.

To
support the admission of evidence, the State must prove only the beginning and
end of the chain of custody.  Caddell
v. State, 123 S.W.3d 722, 727 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d). 
The State is not required to provide a moment-by-moment account of the
whereabouts of evidence from the instant it is seized until it is introduced at
trial.  See Sneed v. State, 875
S.W.2d 792, 794 (Tex. App.CFort Worth 1994, no pet.) (stating that, barring any showing
of tampering or alteration, tagging of evidence at the time of seizure and
identifying the same item at trial based on the tag is sufficient for
admission).[7]           Here,
Ashby testified that the box offered at trial was the same box in which he had
placed the bottle seized from the trunk of the vehicle.  Nguyen identified the box as the one he
retrieved from the evidence vault at the DPS lab, and stated the bottle had not
been tampered with.  This evidence is
sufficient to establish the beginning and end of the chain of custody.  Caddell, 123 S.W.3d at 727.  We hold the trial court did not abuse its
discretion in overruling appellant=s chain-of-custody objections.  Smith, 683 S.W.2d at 405.  Accordingly, appellant=s sixth, seventh, and eighth issues
are overruled.








V.  Conclusion

In
sum, we conclude the evidence was legally and factually sufficient to support
appellant=s conviction, and the trial court did
not abuse its discretion in overruling appellant=s objections to the State=s chain of custody evidence.  Accordingly, the judgment of the trial court
is affirmed.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Opinion filed
January 27, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Factors that may establish the affirmative links
include whether: (1) the contraband was in plain view; (2) the contraband was
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which
the contraband was found; (5) the contraband was found on the same side of the
vehicle seat as the accused was sitting; (6) the contraband was found in an
enclosed place; (7) the odor of drugs was present; (8) paraphernalia to use the
contraband was in view of or found on the accused; (9) conduct by the accused
indicated a consciousness of guilt; (10) the accused had a special connection
to the contraband; (11) occupants of the vehicle gave conflicting statements
about relevant matters; (12) the accused appeared to be under the influence of
drugs; and (13) affirmative statements connected the accused to the
contraband.  Gilbert v. State, 874
S.W.2d 290, 298 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).





[2]  Appellant also points to the following evidence as indicating
Felix possessed the codeine:  Ashby
testified that during the traffic stop Felix was visibly nervous; the vehicle
in which the codeine was found belonged to Felix; and, in a search incident to
the arrest, Ashby found $800 in cash on Felix=s
person.  While the evidence may be
probative of drug activity, it does not preclude the possibility that appellant
possessed the codeine. 





[3]  Penalty Group 4 codeine is defined in the Texas Health
and Safety Code as:  

 

(1) a compound, mixture, or preparation containing
limited quantities of any of the following narcotic drugs that includes one or
more nonnarcotic active medicinal ingredients in sufficient proportion to
confer on the compound, mixture, or preparation valuable medicinal qualities
other than those possessed by the narcotic drug alone:

 

not more than 200 milligrams of codeine per 100
milliliters or per 100 grams; . . .

 

Tex. Health & Safety Code
Ann. '
481.105(1) (Vernon 2003).  





[4]  Although the lab report was used during cross-examination,
it was not offered into evidence by either party, and consequently, it is not
in the record on appeal.





[5]  Penalty Group 3 codeine is defined as:

 

(4) a material, compound, mixture, or preparation
containing limited quantities of the following narcotic drugs, or any of their
salts:

 

not more than 1.8 grams of codeine, or any of its
salts, per 100 milliliters or not more than 90 milligrams per dosage unit, with
an equal or greater quantity of an isoquinoline alkaloid of opium;

 

not more than 1.8 grams of codeine, or any of its
salts, per 100 milliliters or not more than 90 milligrams per dosage unit, with
one or more active, nonnarcotic ingredients in recognized therapeutic amounts;

 

. . . .

 

Tex. Health & Safety Code Ann. ' 481.104(a)(4) (Vernon 2003).

 





[6]  In Moore, the Waco Court of Appeals stated, A>minor theoretical breaches in the chain of custody= will not affect admissibility in absence of >affirmative evidence of tampering or commingling.=@ Moore v. State, 521 S.W.2d 429, 431 (Tex. App.CWaco 1991, no pet.) (quoting Stone v. State,
794 S.W.2d 868, 870 (Tex. App.CEl Paso 1990, no pet.)).





[7]  Appellant made no claim of tampering or alteration at
trial and makes none on appeal.