**Maurice Montacal WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–0310–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 6, 1994.

Publication Ordered Oct. 20, 1994.

Discretionary Review Refused Jan. 25, 1995.

Michael Charlton, Houston, for appellant.

John B. Holmes, Kimberly Aperauch Stelter, Houston, for appellee.

Before COHEN, WILSON and HEDGES, JJ.

## OPINION

HEDGES, Justice.

The trial court found appellant, Maurice Montacal Williams, guilty of possession of a controlled substance (namely cocaine weighing less than 28 grams) with intent to deliver, and assessed punishment at 10–years confinement. In one point of error, appellant argues that the evidence was insufficient to prove the element of intent to deliver. We affirm.

### Facts

Officer S.W. McDonald testified that while on routine patrol at 1:45 a.m., he and his partner observed a suspicious car stopped in what would normally be a moving lane of traffic. The car was in front of a rundown motel known as a venue for prostitutes and drug users. A woman dressed in black shorts and a tank top was leaning into the passenger window talking to the driver of the car (appellant).

As the officers approached in their marked patrol car, appellant drove off in the opposite direction. The officers followed and observed him making an illegal U-turn. He was stopped for the illegal moving violation. Officer McDonald checked appellant for warrants and discovered the existence of an outstanding felony warrant.

The officers arrested appellant and prepared to have the car towed. During an

inventory search of the car, they recovered a pellet gun and a "bank bag" lying on the floor on the driver's side of the car. The bag contained three marijuana cigarettes, rolling papers, syringes, two razor blades, scales, a number of small plastic packets, a "large rock" of crack cocaine (76.4 percent pure), and what appeared to be powdered cocaine. A police chemist testified that this substance was not powdered cocaine but may have been an adulterant or diluent used to increase the bulk of, and concomitantly reduce the purity of, a controlled substance. A search of appellant's person revealed $600 in cash.

Appellant testified that he had just dropped off the woman with whom he had been talking. They had attended a meeting for drug and alcohol counseling together. He had been previously employed as a drug counselor. He did not know how the cocaine had gotten in his car; he speculated that any one of a number of people who had ridden in his car that day could have left it. He claimed that the $600 represented the remainder of his $800 disability check that he had recently cashed.

There was no testimony concerning the specific amount of cocaine found in the bag. The arresting officer described the rock as "large." The police chemist testified that it was less than 28 grams. Appellant admitted that the rock of cocaine was large enough to be split into smaller pieces for sale. He believed the rock of cocaine was worth about $100 dollars.

**Legally Insufficient Evidence**

■ In a legal sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App.1991).

■ The trier of fact is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The trier of fact is also entitled to accept one version of the events and reject another and to accept or reject all or any portion of a particular witness's testimony. *Id.* at 614. Furthermore, the reconciliation of any conflicts in the evidence is within the province of the jury. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982).

■ An intent to deliver a controlled substance may be proved by circumstantial evidence. *Mack v. State* 859 S.W.2d 526, 528 (Tex.App.—Houston [1st Dist.] 1993, no pet.); *Smith v. State,* 737 S.W.2d 933, 941 (Tex.App.—Dallas 1987, pet. ref'd). Factors courts have considered include:

(1) the nature of the location at which the defendant was arrested;

(2) the quantity of controlled substance in the defendant's possession;

(3) the manner of packaging;

(4) the presence of drug paraphernalia (for either drug use or sale);

(5) the defendant's possession of large amounts of cash; and

(6) the defendant's status as a drug user.

*Mack,* 859 S.W.2d at 529; *Gabriel v. State,* 842 S.W.2d 328, 331 (Tex.App.—Dallas 1992, no pet.).

■ We will examine the evidence in light of the factors listed above in order to determine whether the evidence was legally sufficient to prove that appellant possessed the cocaine with intent to deliver:

(1) Clearly, the location of his arrest points to intent to deliver: he stopped his car in front of a "rundown motel that caters to prostitutes and drug users."

(2) Although no one testified about the exact quantity of the cocaine, it was described as a "large rock," and appellant admitted that the rock was sufficiently large to be split up into smaller pieces for sale.

(3) Appellant possessed a number of small plastic bags of the sort used to package smaller rocks of cocaine for sale.

(4) The bank bag contained scales, which are commonly used for weighing cocaine when it is offered for sale, and razor blades, which are often used to cut smaller rocks off larger rocks for packaging and delivery.

(5) Appellant had $600 in cash on his person at the time of his arrest.

(6) Appellant testified that he had just returned from a drug and alcohol counseling meeting.

Viewing the evidence in the light most favorable to the judgment, a reasonable trier of fact could have found beyond a reasonable doubt that appellant possessed the cocaine with intent to deliver. The quantity of drugs and amount of money found on the defendant in *Branch v. State*, 599 S.W.2d 324, 325 (Tex. Crim.App.1980) (2,864 "hits" of heroin and $8,000 cash) do not set a threshold for the State's proof, as appellant suggests. Texas courts have upheld convictions for intent to deliver with far less significant evidence. *Mack*, 859 S.W.2d at 527 (8.9 grams of crack cocaine and no paraphernalia); *Branch v. State*, 833 S.W.2d 242, 244 (Tex.App.—Dallas 1992, pet. ref'd) (17 packets of cocaine weighing less than 28 grams, $732 in cash, and no paraphernalia or other signs of drug use).

We overrule point of error one.

We affirm the judgment of the trial court.