NO. 07-07-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2008

______________________________


DARRION L. SHEPPARD, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,250; HON. CECIL G. PURYEAR, PRESIDING

_______________________________

Memorandum Opinion
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Darrion L. Sheppard appeals his conviction for possessing a controlled substance
(cocaine) in an amount of at least four grams but less than 200 grams with intent to deliver
in a drug free zone. He challenges the sufficiency of the evidence to show that he
possessed the controlled substance. We affirm the judgment. 
Â Â Â Â Â Â Â Â Â Â We review challenges to the sufficiency of the evidence under the standards
discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those
cases. 
Â Â Â Â Â Â Â Â Â Â To prove the offense, the State had to show that appellant not only knowingly
exercised care, custody or control over what he knew to be a controlled substance but also
did so with the intent âto transfer [the substance], actually or constructively, to anotherÂ .Â .Â .Â .â
Tex. Health & Safety Code Ann. Â§481.002(8) (Vernon Supp. 2007). Evidence may
consist of such things as 1) the accusedâs presence when the search was conducted, 2)
the location of the evidence and its visibility, 3) whether the accused owned or exercised
control of the premises where the substance was located, 4) the accessibility and proximity
of the drugs to the accused, 5) the presence of drug paraphernalia on or about the
accused, 6) the nature of the location at which the accused was arrested, 7) whether the
accused attempted to flee, 8) the quantity of contraband involved, 9) the manner of
packaging, 10) the accusedâs possession of large amounts of cash, and 11) the accusedâs
status as a drug user. See Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.âHouston
[14th Dist.] 2005, no pet.) (discussing the links to show possession); Williams v. State, 902
S.W.2d 505, 507 (Tex. App.âHouston [1st Dist.] 1994, pet. refâd) (discussing the factors that
can be considered to determine the intent to deliver). With that said, we turn to the record
before us. Â Â Â  
Â Â Â Â Â Â Â Â Â Â After a confidential informant had conducted three police-supervised purchases of
cocaine from appellant within the month of January 2007 at a residence located at 1913
17th Street in Lubbock, the police executed a search warrant at that address on February
2, 2007. They discovered appellant and another man and woman in the residence. They
also found cocaine on the floor in a bedroom. Appellant contends that because a bill found
at the residence indicated that the household utilities were in the name of the woman, the
cocaine was found in a bedroom in which womenâs clothing was found, and appellant was
not in the bedroom at the time police entered the residence, there is no evidence or
insufficient evidence that he was in possession of the drugs. 
Â Â Â Â Â Â Â Â Â Â However, the record also shows: 1) appellant listed that address as his residence
at the time he was arrested, 2) the confidential informant had made three purchases of 
cocaine from appellant at that address in January 2007 with the other male occupant of the
home acting as a doorman, 3) the confidential informant had tried to make other purchases
in January but was unable to do so because appellant was not at the residence although
the other man and woman were present, 4) in the thirty minutes prior to the execution of
the search warrant, an officer observed several persons engaging in conduct indicative of
drug sales, 5) an officer testified that drug users will often allow a dealer to make sales out
of their home in exchange for drugs, 6) appellant was the only person in the residence who
had any money ($93) on him at the time of the raid, 7) when the police entered the house,
appellant was observed walking from the hall where the bedroom was located into the
kitchen, 8) the quantity of drugs discovered in the bedroom would not normally be laying
on the floor in the open, 9) the drugs were of an amount that would be used in conducting
sales, and 10) appellant resisted the orders of the officer at the time of the raid. This
evidence is some evidence from which a rational jury could find, beyond reasonable doubt,
that appellant knowingly possessed a controlled substance with intent to deliver, and we
cannot say that the verdict is so against the great weight and preponderance of the
evidence as to undermine our confidence in it or too weak to support that decision. 
Â Â Â Â Â Â Â Â Â Â Accordingly, the judgment is affirmed.
Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice 
Â 
Do not publish. 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â 



n="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00145-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



MAY
18, 2011

Â 



Â 

EX PARTE SAMUEL BRAXTON



Â 



Â 

Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

   Samuel Braxton, appearing pro se, has filed an original proceeding
in this Court, requesting relief with regard to actions of the 364th
District Court of Lubbock County.Â  We
will dismiss the proceeding for want of jurisdiction.

It is only with difficulty that we ascertain the relief Braxton
seeks.Â  By his primary pleading, it
appears he requests that we aid his attempt to file post-conviction proceedings
with the 364th District Court.Â 
To the degree it expresses a prayer for relief, it asks that we ÂreviewÂ
his claim, Âforward it to someone who can review it,Â or provide him an address
to which he should send it.Â  With his
primary pleading, Braxton has submitted copies of correspondence and other
documents, including a completed State Bar of Texas grievance form regarding
his appointed counsel, BraxtonÂs letter to Governor Perry, correspondence to
and from the Lubbock Regional Mental Health and Mental Retardation Center, and
a partially completed form from the State of Indiana concerning habeas corpus
relief.[1]Â Â Â  

The documents Braxton submits contain mentions of several
convictions, including burglary of a building, driving while intoxicated,
criminal mischief, evading arrest, and possession of drug paraphernalia.Â  However, none of the documents submitted are
from any court proceeding, nor do any of them bear evidence of having been
filed in any court.Â  

Some of the documents refer to Cause No. 2009-423891.Â  In an effort to ascertain the nature of the
relief Braxton seeks, we have obtained from the Lubbock County District Clerk a
copy of the judgment signed February 18, 2010 in that cause, by which Braxton
was convicted, on his guilty plea, of the felony offense of driving while
intoxicated, third or more.Â  The focus of
BraxtonÂs complaint to us appears to be his dissatisfaction with his appointed
attorney and another person.Â  He asserts
these two individuals lied to him, leading him to plead guilty.Â  

Â Â Â Â Â Â Â Â Â Â Â  No appeal was brought to this Court
from the February 18, 2010 judgment.Â 
Post-conviction writs of habeas corpus brought after a final felony conviction
are governed by article 11.07 of the Texas Code of Criminal Procedure.Â  Tex. Code Crim. Proc. Ann.
art. 11.07 (West 2007).Â  Such writs are returnable to the Texas Court
of Criminal Appeals. This Court has no jurisdiction over post-conviction habeas
corpus proceedings under article 11.07.Â  See Tex. Code Crim. Proc. Ann. arts. 11.05; 11.07 (West 2007).Â 


Â Â Â Â Â Â Â Â Â Â Â  If BraxtonÂs pleading could be read
to seek relief we have jurisdiction to grant, his documents nonetheless are
entirely insufficient to demonstrate his entitlement to relief.Â  The documents he has filed satisfy none of
the requirements of a petition commencing an original proceeding.Â  See
Tex. R. App. P. 52 (governing original proceedings).Â  As noted, the documents consist simply of
copies of correspondence and other documents.Â 
Under the rules that govern proceedings in this Court, we could not take
action on his pleading as presented.

Concluding that BraxtonÂs pleading has not invoked our
limited jurisdiction, we dismiss it for want of
jurisdiction.Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Do
not publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â 











[1]
Because they seemed to involve post-conviction
relief, on March 9, 2011, we forwarded BraxtonÂs documents to the Texas Court
of Criminal Appeals.Â  The Court of
Criminal Appeals returned them to us, advising that Braxton has no appeal or
other matter pending before that Court.