NO. 07-07-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 2, 2008

_____

DARRION L. SHEPPARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,250; HON. CECIL G. PURYEAR, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Darrion L. Sheppard appeals his conviction for possessing a controlled substance (cocaine) in an amount of at least four grams but less than 200 grams with intent to deliver in a drug free zone. He challenges the sufficiency of the evidence to show that he possessed the controlled substance. We affirm the judgment.

We review challenges to the sufficiency of the evidence under the standards discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

To prove the offense, the State had to show that appellant not only knowingly exercised care, custody or control over what he knew to be a controlled substance but also did so with the intent "to transfer [the substance], actually or constructively, to another . . . ." TEX. HEALTH & SAFETY CODE ANN. §481.002(8) (Vernon Supp. 2007). Evidence may consist of such things as 1) the accused's presence when the search was conducted, 2) the location of the evidence and its visibility, 3) whether the accused owned or exercised control of the premises where the substance was located, 4) the accessibility and proximity of the drugs to the accused, 5) the presence of drug paraphernalia on or about the accused, 6) the nature of the location at which the accused was arrested, 7) whether the accused attempted to flee, 8) the quantity of contraband involved, 9) the manner of packaging, 10) the accused's possession of large amounts of cash, and 11) the accused's status as a drug user. *See Olivarez v. State,* 171 S.W.3d 283, 291 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (discussing the links to show possession); *Williams v. State,* 902 S.W.2d 505, 507 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (discussing the factors that can be considered to determine the intent to deliver). With that said, we turn to the record before us.

After a confidential informant had conducted three police-supervised purchases of cocaine from appellant within the month of January 2007 at a residence located at 1913

17th Street in Lubbock, the police executed a search warrant at that address on February 2, 2007. They discovered appellant and another man and woman in the residence. They also found cocaine on the floor in a bedroom. Appellant contends that because a bill found at the residence indicated that the household utilities were in the name of the woman, the cocaine was found in a bedroom in which women's clothing was found, and appellant was not in the bedroom at the time police entered the residence, there is no evidence or insufficient evidence that he was in possession of the drugs.

However, the record also shows: 1) appellant listed that address as his residence at the time he was arrested, 2) the confidential informant had made three purchases of cocaine from appellant at that address in January 2007 with the other male occupant of the home acting as a doorman, 3) the confidential informant had tried to make other purchases in January but was unable to do so because appellant was not at the residence although the other man and woman were present, 4) in the thirty minutes prior to the execution of the search warrant, an officer observed several persons engaging in conduct indicative of drug sales, 5) an officer testified that drug users will often allow a dealer to make sales out of their home in exchange for drugs, 6) appellant was the only person in the residence who had any money ($93) on him at the time of the raid, 7) when the police entered the house, appellant was observed walking from the hall where the bedroom was located into the kitchen, 8) the quantity of drugs discovered in the bedroom would not normally be laying on the floor in the open, 9) the drugs were of an amount that would be used in conducting sales, and 10) appellant resisted the orders of the officer at the time of the raid. This evidence is some evidence from which a rational jury could find, beyond reasonable doubt, that appellant knowingly possessed a controlled substance with intent to deliver, and we

3

cannot say that the verdict is so against the great weight and preponderance of the evidence as to undermine our confidence in it or too weak to support that decision.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.