NO. 07-10-0231-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 27, 2011

_____

ISAAC RODRIGUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,779; HONORABLE CECIL PURYEAR, JUDGE

_____

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a jury trial, Appellant, Isaac Rodriguez, was convicted of the offense of possession with intent to deliver a controlled substance (cocaine), four grams or more but less than 200 grams, a first degree felony,[2] and sentenced to thirty years. By six issues, Appellant contests the legal and factual sufficiency of the evidence to support the findings of "knowing possession of a controlled substance" and "intent to deliver"

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

[2]Tex. Health & Safety Code Ann. § 481.112(d) (West 2010).

(issues one, two, five and six), and he contends the trial court erred in not treating the testimony of the State's key witness as a "covert witness" pursuant to article 38.141 of the Texas Code of Criminal Procedure (issues three and four). We affirm.

**Background**

Appellant and his sister, Sonia Rodriguez, lived together in an apartment located in Lubbock County. Sonia became suspicious when Appellant engaged in suspicious activities and started keeping "questionable" friends. She initiated a search of his bedroom where she found a paper bag, containing plastic bags, containing a white powdery substance she suspected as being a controlled substance. After consulting with her parents, she eventually turned the paper bag and its contents over to law enforcement. Although the apartment was never searched by law enforcement officials, the contents of the paper bag were tested and found to consist of 133.9 grams of a substance containing cocaine. Sonia cooperated with law enforcement by explaining the circumstances whereby she came into possession of the paper bag and, eventually, this prosecution ensued.

**Issues One, Two, Five and Six - Sufficiency of the Evidence**

We review challenges to the sufficiency of the evidence under the standards discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010). We refer the parties to those cases.

To prove the offense charged, the State had to show that Appellant knowingly exercised care, custody or control over what he knew to be a controlled substance, and

that he did so with the intent "to transfer [the substance], actually or constructively, to another . . . ." Tex. Health & Safety Code Ann. §§ 481.002(8), 481.002(38) and 481.112(a) (West 2010). We review challenges to "knowing" possession and "intent to deliver" by reviewing various factors discussed in *Evans v. State,* 202 S.W.3d 158, 162 (Tex.Crim.App. 2006) (discussing a non-exclusive list of factors that Texas courts have recognized as sufficient, either singly or in combination, to establish possession of a controlled substance); *Triplett v. State,* 292 S.W.3d 205, 208-09 (Tex.App.--Amarillo 2009, pet. ref'd) (discussing same); *Olivarez v. State,* 171 S.W.3d 283, 291 (Tex.App.--Houston [14th Dist.] 2005, no pet.) (discussing same); and, *Williams v. State,* 902 S.W.2d 505, 507 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd) (discussing factors to be considered in determining intent to deliver), and we refer the parties to those cases.

Further, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; Tex. Code Crim. Proc. art. 38.04 (West 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), and we may not re-evaluate the weight and credibility determinations made by the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Thus, we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

In addition, each fact need not point directly and independently to the guilt of the accused, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004) (citing *Alexander v. State*, 740 S.W.2d 749, 758 (Tex.Crim.App. 1987)). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and

3

circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). With that said, we turn to the record before us.

In this case, Appellant's sister and roommate testified that the controlled substance in question was found in the bedroom used exclusively by Appellant, in what he used as his clothes hamper. She also testified that her search of his bedroom was instigated by her concern over his association with persons of questionable character and his unusual behavior, including an instance where he received a phone call, left the apartment to meet someone in the parking lot, and then shortly returned to the apartment. Assuming, as we must, that the jury was allowed to draw reasonable inferences from her direct testimony and that it may have resolved any credibility issue in favor of that testimony, such evidence, albeit inferential, is sufficient for us to find that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Issues one, two, five and six are overruled.

## Issues Three and Four - Article 38.141

Appellant contends the State's key witness, Appellant's sister, was a "covert witness" requiring corroboration pursuant to the provisions of article 38.141 of the Texas Code of Criminal Procedure. We disagree.

Article 38.141 provides, in pertinent part, as follows:

A defendant may not be convicted of an offense under Chapter 481, Health and Safety Code, on the testimony of a person who is not a licensed peace officer or special investigator but who is *acting covertly on behalf of law enforcement or under color of law enforcement* unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed.

(Emphasis added).

4

Neither the word "covertly" nor the phrase "acting . . . on behalf of law enforcement or under color of law enforcement" are defined in the statute and we have not been directed to any case specifically construing either provision. We are, however, guided by the general principle that when construing a statute, words are to be given their ordinary meaning unless the statute defines them or they are connected and used with reference to a particular trade or subject matter or they are used as a term of art. Tex. Gov't Code Ann. § 312.002 (West 2005). In that regard, to act covertly is to act in a concealed, secretive, or disguised manner, and to act on behalf of someone is to act as that person's representative or proxy.

Here, Sonia acted independently. She alone made the decision to investigate Appellant's activities and to report her findings to her parents. Together with her parents, without the assistance or encouragement of law enforcement, she made the decision to report her findings to the police and to explain the circumstances surrounding her coming into possession of the paper bag containing 133.9 grams of a controlled substance. Simply put, Sonia was not a covert witness because she was not acting on behalf of law enforcement. Issues three and four are overruled.

## Conclusion

Having overruled each of Appellant issues, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5