

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00355-CR
_____

JOHNTA MARTEE MCNEAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 10700, Honorable William D. Smith, Presiding

July 17, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Johnta Martee McNeal of possession of four grams or more but less than 200 grams of methamphetamine with intent to deliver[1] and

---

[1] TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(d) (West 2010). An offense under section 481.112(d) is punishable by imprisonment for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000. TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (West 2010). On a showing of a prior felony conviction, the minimum term of confinement is increased to fifteen years. TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2014).

tampering with physical evidence.[2]  Concurrent prison terms of twenty years, enhanced, and five years were assessed.  Finding the evidence was insufficient to prove appellant committed the offense of tampering with physical evidence or its attempt, we will modify the judgment to render an acquittal on that charge.  As modified, we will affirm the judgment of the trial court.

## Background

A Borger motorcycle police officer stopped a car owned by appellant and driven by his younger brother for traffic violations.  Appellant was the only passenger.  The officer approached the driver's side and there spoke with appellant's brother.

Appellant and his brother each produced identification cards but could not open the glove compartment which they believed contained proof of insurance.  Meanwhile, the officer saw a marijuana pipe in the vehicle's ashtray.  The officer also noticed on the center console a scale of a type he believed was typically used to weigh drugs for sale.  When asked if the vehicle contained "anything illegal" appellant's brother responded that he smoked "weed" and used the scale "to weigh [his] marijuana."

At the officer's direction, appellant's brother stepped out of the vehicle and the officer conducted a pat-down search.  After obtaining consent, the officer also searched the brother's pockets, finding some $700 in cash.  Of the cash, $500 was bound together with a "female's hair tie."

---

[2] TEX. PENAL CODE ANN. § 37.09(a) (West Supp. 2014).  An offense under this section is a felony of the third degree.  *Id.* at § 37.09(c).  It is punishable by confinement in prison for two to ten years and a fine of not more than $10,000.  TEX. PENAL CODE ANN. § 12.34(a),(b) (West 2011).

The officer then directed appellant's brother to sit down while he turned his attention to appellant. By this time a backup officer in a patrol car arrived. At his request appellant exited the vehicle.

The officer began questioning appellant. As they spoke appellant looked away. Suddenly he withdrew objects from his pocket. Saying they were "pipes," he dropped them. A glass pipe, which the officer testified was a methamphetamine pipe, broke. The other item was part of a crack pipe. The officer testified by that point he intended to arrest appellant for tampering with physical evidence and possession of paraphernalia.

The officer added that appellant "started to kind of bolt a little bit." The video recording from the backup officer's car shows appellant began a quick movement away from the officers. The backup officer grabbed appellant, placed him on the ground, and handcuffed him.

Searching appellant's person, the officer discovered a Kool cigarette box in his underwear. Inside the box was a "large" clear bag containing a "white crystal substance" the officer believed was methamphetamine. A photograph in evidence shows the bag on the brother's digital scale. It registers 23.1 grams. Department of Public Safety testing later showed the substance contained methamphetamine and weighed 22.44 grams.

The officer testified he had completed several law-enforcement programs, including narcotics training, and had participated in seventy to eighty drug arrests. The majority of these arrests were for methamphetamine. In the officer's opinion, a user of methamphetamine might consume a gram or perhaps a gram-and-a-half per day. He

3

further observed that, based on a user's consumption of one gram a day, the quantity of methamphetamine appellant possessed would last twenty-three days. The officer also testified that an ounce equates to roughly twenty-eight grams. At the time of appellant's arrest, methamphetamine in Borger sold for $100 per gram and was priced on a "point for point" system. For example, he continued, a tenth of a gram sold for $10, two-tenths for $20, and so on.

After appellant's arrest, during a search of his vehicle, officers found a notice indicating appellant was behind on his car loan payments. Officers also located three cell phones although at trial the officer could not recall whether the phones came from the person of appellant, his brother or the vehicle. Two CDs were found bearing the handwritten titles "crack" and "cocaine."

The jury was charged on the law of parties. It returned verdicts convicting appellant of possession with intent to deliver a controlled substance and tampering with physical evidence. The court imposed the sentences noted and signed a single judgment.

Analysis

First Issue: Intent to Deliver

Appellant contends that the evidence was insufficient to establish the "intent to deliver" element of the possession offense.[3]

---

[3] It was the State's burden to prove appellant knowingly possessed with intent to deliver a controlled substance listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). Here the controlled substance was methamphetamine.

4

In a sufficiency review, we examine the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *Vodochodsky v. State,* 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict and assume the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Rollerson v. State,* 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

"'Deliver' means to transfer, actually or constructively, to another a controlled substance . . . . The term includes offering to sell a controlled substance . . . ." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (West Supp. 2014). Intent to deliver may be proved with circumstantial evidence, including evidence that the defendant possessed the contraband. *Moreno v. State,* 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. refused). "Intent can be inferred from the acts, words, and conduct of the accused." *Id.* at 326 (quoting *Patrick v. State,* 906 S.W.2d 481, 487 (Tex. Crim. App. 1995)). The expert testimony of an experienced law enforcement officer may be used to establish an accused's intent to deliver. *Id.* The factors to be considered in determining whether a defendant possessed contraband with an intent to deliver include the nature of the location where the defendant was arrested, the quantity of drugs the defendant possessed, the manner of packaging the drugs, the presence or absence of drug paraphernalia, whether the defendant possessed a large amount of cash, and the

_____

Methamphetamine is listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6).

defendant's status as a drug user. *Kibble v. State,* 340 S.W.3d 14, 18-19 (Tex. App.—Houston [1st Dist.] 2010, pet. refused); *see also Williams v. State,* 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1994, pet. refused). This list of factors is not exclusive, nor must they all be present to establish a defendant's intent to deliver. *Kibble,* 340 S.W.3d at 19.

We find the evidence permitted a rational jury to determine appellant had the intent to deliver the methamphetamine he possessed. The jury could have determined the officer was experienced in handling narcotics arrests, particularly those involving methamphetamine. A marijuana pipe and a scale admittedly used for weighing drugs were in plain view inside the vehicle. On his person, appellant possessed pipes for smoking crack cocaine and methamphetamine, but there was no evidence of intoxication. Appellant was delinquent in repaying his car loan. Three cell phones were present. In appellant's underwear were 22.44 grams of methamphetamine, about a 23-day supply for a user. Appellant's brother possessed about $700 cash, $500 of it bound together. Five hundred dollars approximated the street-value difference between an ounce of methamphetamine and the amount found in appellant's underwear. The jury was charged on the law of parties. In this way, during closing argument, the prosecutor argued, "[s]o one has got the dope and one is holding the money. Aid and assist to aid. Sounds like a simple business transaction with two parts of the same business. One is delivering and one is collecting." The jury was entitled to agree.

Appellant's first issue is overruled.

6

Second Issue: Tampering with Physical Evidence

Appellant next contends the evidence was insufficient to establish he concealed the methamphetamine with knowledge an investigation was in progress. The indictment alleged "[Appellant] did then and there knowing that an investigation was in progress, to wit: the Defendant was being detained by law enforcement, did conceal a thing, to wit: a baggie containing methamphetamine with intent to impair its availability as evidence in said investigation[.]" The application paragraph of the charge inquired whether appellant tampered "with physical evidence knowing that an investigation was in progress, to wit: [appellant], while being detained by law enforcement, did conceal a thing, to wit: a baggie containing methamphetamine, with intent to impair its availability as evidence in said investigation[.]"

The offense of tampering with physical evidence contains three elements: knowing that an investigation or official proceeding is pending or in progress, a person alters, destroys, or conceals any record, document, or thing, with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(a)(1) (West Supp. 2014); *Rabb v. State,* 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Williams v. State,* 270 S.W.3d 140, 142 (Tex. Crim. App. 2008)).

We read appellant's brief to include the contention the evidence does not show when he put the cigarette package into his underwear, and we agree with the contention. The evidence shows merely the fact of the traffic stop, the officer's initial attention to appellant's brother, and the eventual discovery of the cigarette box from the

7

search of appellant after he was cuffed. The State contends the jury could have inferred he concealed the box in his underwear after the officer initiated the traffic stop. We agree appellant had the opportunity to do so between the initiation of the traffic stop and appellant's removal from the car. But there is no evidence he did so during that time, and we disagree the evidence permits a reasonable inference of it. *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007) (conclusion reached by speculation may not be completely unreasonable but is not sufficiently based on facts or evidence to support finding beyond reasonable doubt). On cross-examination, the officer acknowledged that as he approached the vehicle after the stop, he watched for "overt or furtive movements" and saw none. When asked if he saw appellant shift in his seat in the vehicle the officer responded he did not. He added "not in an abnormal amount of (sic) fashion, no." We also have carefully reviewed the video taken from the backup officer's patrol car and see no movements suggesting appellant concealed the box while in the view of the camera.

The State also argues appellant admitted during punishment-phase testimony his guilt of concealing the methamphetamine in his underwear and argues he is now effectively estopped to complain the evidence was insufficient to support his conviction for tampering with evidence. We need not decide whether appellant admitted the indicted offense during his punishment-phase testimony. "[A] defendant who testifies at the punishment stage of trial and admits his guilt does not forfeit his right to complain on appeal about errors occurring during the guilt stage." *Jacobson v. State,* 398 S.W.3d 195, 196-97 (Tex. Crim. App. 2013) (overruling *De Garmo v. State,* 691 S.W.2d 657 (Tex. Crim. App. 1985)).

8

We now consider whether appellant could have been convicted of a lesser-included offense.  *Rabb,* 434 S.W.3d at 618; *Thornton v. State,* 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014).

For this determination, the Court of Criminal Appeals prescribes two questions: "1) in the course of convicting the appellant of the greater offense, must the jury have necessarily found every element necessary to convict the appellant for the lesser-included offense; and 2) conducting an evidentiary sufficiency analysis as though the appellant had been convicted of the lesser-included offense at trial, is there sufficient evidence to support a conviction for that offense?"  *Rabb,* 434 S.W.3d at 620 (quoting *Thornton,* 425 S.W.3d at 299-300).  If the answer to either question is no, we are not authorized to reform the judgment.  But if the answers to both are yes, we are required to reform the judgment to reflect a conviction for the lesser-included offense.  *Id.*

Under the criminal attempt statute, a person "commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."  TEX. PENAL CODE ANN. § 15.01(a) (West 2011).  A person commits the offense of attempted tampering with or fabricating physical evidence if, with specific intent to commit the offense of tampering with or fabricating physical evidence, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense.  *Beck v. State,* No. 10-08-00365-CR, 2010 Tex. App. LEXIS 7265, at *8-9 (Tex. App.—Waco Sept. 1, 2010, pet. refused) (mem. op. on reh'g, not designated for publication).

For the same reason appellant could not have been convicted of the greater offense, he could not have been convicted of the lesser-included offense of attempt. The record is devoid of evidence that while an investigation was in progress appellant, acting with specific intent to commit tampering with evidence, performed any preparatory act tending, but failing, to effect commission of tampering with physical evidence. The response to question number two of the *Thornton* inquiry is no. *Rabb,* 434 S.W.3d at 620. Appellant's second issue is sustained.

## Conclusion

We reverse appellant's conviction for tampering with physical evidence, and render a judgment of acquittal of that offense. We modify the trial court's judgment to reflect appellant's acquittal of the charge of tampering with physical evidence. As modified, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.