James Irving Jackson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-354-CR

     JAMES IRVING JACKSON, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 212th District Court
Galveston County, Texas
Trial Court # 00CR1474
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     James Irving Jackson, Jr. appeals his conviction by a jury of possession of cocaine in the
amount of more than 4 grams but less than 200 grams, with the intent to deliver. The jury
assessed his punishment at 30 years’ confinement in the Texas Department of Criminal Justice,
Institutional Division. He contends in a single issue that the State committed reversible error by
"Intentionally Violating the Court's Order in Limine" in questioning its final witness about the
extraneous issues of his character and propensity to commit crime, and then exploiting the error
further in final argument. We affirm.
      Although the issue presented by Jackson does not refer to any error on the part of the trial
court, in the discussion of the issue Jackson urges that the trial court erred by allowing Isaac
Smith, the owner of the truck in which the cocaine was found, to testify that in the past he had
bought drugs from James Jackson and that he had allowed Jackson to use his truck in exchange
for drugs. A trial court’s ruling concerning the admission or exclusion of evidence may not be
disturbed on appeal unless an abuse of discretion is shown. Erdman v. State, 861 S.W.2d 890,
893 (Tex. Crim. App. 1993).
      No one argues that the evidence presented by the State was admissible to prove Jackson’s
character for the purpose of showing that he acted in conformity with it on the particular occasion
in question. However, the evidence was potentially admissible as relevant to Jackson’s intent or
knowledge. Tex. R. Evid. 404(b). Despite a timely request by the defense, the State failed to
give Jackson notice of its intent to produce evidence showing that Jackson had previously supplied
Smith with drugs or that he had supplied Smith with drugs in exchange for the use of his truck on
the occasion in question.
      The State offered this testimony as part of its case-in-chief. That being the case, in the
absence of the notice, the evidence would be admissible only if it were “same transaction
contextual evidence.” See Tex. R. Evid. 404(b). “Same transaction contextual evidence” is
evidence that imparts to the trier of fact information essential to understanding the context and
circumstances of events which, although legally separate offenses, are blended or interwoven. 
Santellan v. State, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). Such evidence is admissible,
not for the purpose of showing character conformity, but to illuminate the nature of the crime
alleged. Id. We hold that evidence that Jackson had previously provided drugs to Smith is not
“same transaction contextual evidence” and should not have been admitted, due to lack of notice
under Rule 404(b). We hold that evidence that Jackson had procured the use of Smith’s truck on
the occasion in question by providing him with cocaine is “same transaction contextual evidence”
and was therefore properly admitted.
      In urging that evidence Jackson had previously sold drugs to Smith was admissible for the
purpose of rebutting Jackson's defensive theory as well as on the issue of Jackson's intent to
deliver the cocaine, the State relies on the cases of Montgomery v. State, 810 S.W.2d 372, 387
(Tex. Crim. App. 1990) (op. on reh'g); Williams v. State, 902 S.W.2d 505, 507 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref'd); Smith v. State, 737 S.W.2d 933, 941 (Tex.
App.—Dallas 1987, pet. ref'd); and Payton v. State, 830 S.W.2d 722 (Tex. App.—Houston [14th
Dist.] 1992, no pet.). All of these cases are distinguishable. None of them is authority that
extraneous offenses are admissible for a purpose other than to show character conformity where
1) the defendant has requested notice of such extraneous offenses; 2) the evidence offered is not
included in the State’s notice to the defendant; and 3) the evidence is not “same transaction
contextual evidence.”
      Jackson contends that the prejudicial effect of the evidence substantially outweighed any
probative value. While he made what could be argued to be an objection on that basis to evidence
that Jackson had previously provided drugs to Smith, he made no such objection to evidence that
Jackson had provided cocaine to Smith in return for the use of his truck on the occasion in
question. Consequently, nothing is preserved for review on the issue of prejudicial effect with
respect to evidence that Jackson provided cocaine to Smith in return for using his truck. Tex. R.
App. P. 33.1(a). Because we have agreed with Jackson that the trial court abused its discretion
in admitting evidence that Jackson had previously provided drugs to Smith, we need not consider
the issue of prejudicial effect with respect to that evidence.
      Having found error, we must conduct a harm analysis to determine whether the error calls for
a reversal of the judgment. Tex. R. App. P. 44.2.
      Where, as here, the error is not constitutional, we apply rule 44.2(b) and disregard the error
if it does not affect the appellant’s substantial rights. Tex. R. App. P. 44.2(b). A substantial right
is affected when the error had a substantial and injurious effect or influence on the jury’s verdict. 
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S.750, 776, 66 S.Ct. 1239, 1253 (1946)). In making this determination, we review the
record as a whole. Kotteakos, 328 U.S. at 764-65, 66 S.Ct. at 1248.
      Evidence at trial showed that Jackson furnished Smith with cocaine in return for the use of
his extended-cab pickup truck, which Jackson used for five days. After Jackson was stopped and
arrested, officers found cocaine contained in a bag hanging from the back window of the truck,
as well as a “crumb” of cocaine on the floorboard. Acting pursuant to a search of Jackson’s
room, consented to by Jackson’s mother, officers found a plate with cocaine residue, scales, razor
blades, baggies, and a ledger containing dollar amounts and names of individuals known to
narcotics officers. Most of those items also contained a residue of cocaine. Jackson did not
testify. In urging the jury to convict Jackson as a drug dealer, the State referred to testimony that
Jackson had obtained use of Smith’s truck by providing him with cocaine and that Smith had
characterized Jackson as his drug dealer.
      At the punishment stage of the trial, Jackson asked for the lowest possible sentence, stating
that three prior convictions for passing a forged check, for joyriding, and for taking a controlled
substance into the county jail, were all bad luck. He denied really being guilty of any of them,
including the offense involved in this appeal. He explained that the items found in his room were
from a past time when he had used cocaine. In its argument at the punishment phase of the trial,
the State made no reference to Jackson’s providing Smith with drugs in the past. Due to
enhancement, the range of punishment was from fifteen years to ninety-nine years or life, together
with the possibility of a fine not to exceed $10,000.
      In urging that the trial court’s error was not harmless, Jackson places primary reliance upon
Perry v. State, 933 S.W.2d 249 (Tex. App.—Corpus Christi 1996, pet. ref’d). We find that case
to be distinguishable. In Perry, the defendant was arrested after cocaine was found in the ashtray
of a car that Perry had borrowed. Id. at 250, 254. The State presented evidence of a prior drug
possession conviction. Id. at 254. There appears to have been no other evidence presented to
show that Perry knowingly possessed the cocaine in the ashtray. Applying former law, the court
held that the error was not harmless because it could not say beyond a reasonable doubt that the
error made no contribution to Perry’s conviction or to the punishment. Id. at 255. In the case at
bar, evidence showed that there was cocaine found on the floorboard of the car, as well as within
the bag hanging from the back window; that Jackson had furnished drugs to Smith in return for
use of his truck; and a drug ledger and paraphernalia was found in Jackson’s room. Additionally,
as we have previously noted, our standard of review in determining the harmfulness of the trial
court’s error does not require us to find beyond a reasonable doubt that the error made no
contribution to Perry’s conviction or to the punishment. We conclude that, in the context of the
entire record, including evidence that Jackson supplied Smith with cocaine in return for the use
of his truck, evidence of what appeared to be a drug ledger and other drug-related paraphernalia
in Jackson’s room, and evidence of Jackson’s numerous prior convictions, the trial court’s error
in admitting evidence that Jackson had provided Smith with drugs in the past did not have a
substantial or injurious effect on the jury’s verdict and did not affect Jackson’s substantial rights. 
See King, 953 S.W.2d at 271. We therefore disregard the error. See Tex. R. App. P. 44.2(b). 
We overrule Jackson’s sole issue.
      The judgment is affirmed.

                                                                         JOHN G. HILL
                                                                         Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed June 18, 2003
Do not publish
[CRPM]